[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#112) ANDOPPOSITION TO MOTION TO STRIKE (#113)
The court denies the defendant's motion to strike the third count of the amended complaint.
The third count does not allege a violation of Connecticut General Statutes § 38a-816 (6) which requires an allegation of general business practice. See Mead v. Burns, 199 Conn. 651. Sections 816 (15) and 816 (16) do not require such an allegation. A single act can constitute a violation of CUTPA where the CT Page 6378 underlying claim is a breach of contract.
The same facts that established a breach of contract may be sufficient to establish a CUTPA violation. Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, "CUTPA is a remedial statute that is designed to protect consumers from unfair or deceptive trade practices, and must be construed liberally to further its purpose." Id. at 70. (Internal citations omitted.)
With regard to plaintiff's prayer for relief seeking damages, the court reviewed the legislative history behind General Statutes § 38a-816 (15). That history shows that the intent of the statute is to provide prompt payment of medical claims. See 29 S. Proc., Pt. 8, 1986 Sess., p. 2709, remarks of Senator Schoolcraft.
A further review of demonstrates that "accident" insurance insures against loss or damage due to accidental injury to the person insured which results in disability or death. See 44 C.J.S., Insurance § 4 (1993); 43 Am.Jur.2d. Insurance §§ 555 and 563 (1982); Godnason v. Life Ins. Co. of North America, 231 VA. 197, 343 S.E.2d 54 (1986); Simmons v. Continental Cas. Co.,285 F. Sup. 997 (D.C. NEB 1968); Gilbert v. Inter-Ocean Casualty Co.of Cincinnati, Ohio, 41 N.M. 463, 71 P.2d 56 (1937); Employers'Liability Assur. Co. v. Merrill, 155 Mass. 404, 29 N.E. 529
(1892).
The plaintiff has not alleged bodily injury in his complaint. Therefore, the defendant's motion to strike paragraph 4 of the plaintiff's prayer for relief seeking interest pursuant to General Statutes § 38a-816 (15) is granted.
The court also denies the motion to strike plaintiff's claim for punitive damages. "Awarding punitive damages and attorney's fees in CUTPA is discretionary"; General Statutes § 42-110g(a) and (d) (internal citations omitted); Gargano v.Heyman, 203 Conn. 616, 622 (1987). Therefore, the issue is whether the evidence reveals "reckless indifference to the rights of others or an intentional and wanton violation of those rights." Id. There is no requirement that the plaintiff allege conduct that was reckless, wanton or malicious.
SANDRA VILARDI LEHENY, J. CT Page 6379